**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| TIMOTHY PHIFER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. |
| | ) |
| AUTHORITY BRANDS SERVICES | ) |
| RETAIL INC | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.    Plaintiff, Timothy Phifer ("Phifer"), by counsel, brings this action against Defendant, Authority Brands Services Retail Inc ("Defendant") alleging a violation of the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.*

**II. PARTIES**

2.    Phifer is a resident of the State of Indiana, who, at all times relevant to this action, resided within the geographical boundaries of the Southern District of Indiana.

3.    Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III.  JURISDICTION AND VENUE**

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 29 U.S.C. § 626.

5.    Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

6.    Phifer is an "employee" as that term is defined by 29 U.S.C. § 630(f).

7.      Phifer satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination (Charge No. 470-2025-00964) with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age. Phifer received his Notice of Suit Rights on March 25, 2025, and he timely filed this action.

8.      A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.      Phifer was hired by Defendant on or about August or September 2023 as a Tech. By early 2024, Plaintiff had moved to sales.  Plaintiff reported to Dave Ryan ("Ryan"), Manager, during his employment with Defendant.

10.     At all relevant times, Phifer met or exceeded Defendant's legitimate performance expectations.

11.     In August 2024, Ryan stopped giving Phifer any leads. The leads were now being given to a new Salesperson, Darrell Freeman, who was approximately 25 years younger than Phifer.

12.     On or about August 23, 2024, Phifer requested a meeting with Ryan to address concerns regarding the lack of leads being assigned to him.  During that meeting, Ryan became visibly angry and directed profanities toward Phifer.

13.     On or about August 26, 2024, Ryan demoted Phifer back down to a Tech position. Ryan cited the reason for the demotion was that an unauthorized individual had signed paperwork to approve a job. However, similarly situated younger employees who had committed comparable or more serious errors were not subjected to demotion and have been given opportunities to correct their errors.

14.     Phifer refused the demotion. Phifer was then constructively discharged from Defendant.

## V.  CAUSES OF ACTION

## ADEA - AGE DISCRIMINATION

15.     Phifer hereby incorporates paragraphs one (1) through fourteen (14) of his Complaint as if the same were set forth in length herein.

16.     Phifer is a member of a protected class based on age, being over 40 years of age at the time of the alleged discriminatory actions.

17.     Phifer was demoted and subsequently constructively discharged because of his age.

18.     Defendant violated Phifer's rights as protected by the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. §621 *et seq.*, by discriminating against him due to his age.

19.     Defendant's actions were willful, intentional, and in reckless disregard of Phifer's rights as protected by the ADEA.

20.     Phifer has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Timothy Phifer, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1.     Reinstate Phifer to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Phifer of front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Liquidated damages for Defendant's violations of the ADEA;

5.        All costs and attorney's fees incurred as a result of bringing this action;

6.        Pre- and post-judgment interest on all sums recoverable; and

7.        All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Melissa Middleton
Melissa Middleton, Atty. No. 37165-49
144 N Delaware St
Indianapolis, IN 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email: mmiddleton@bdlegal.com

*Attorney for Plaintiff, Timothy Phifer*

## DEMAND FOR JURY TRIAL

Plaintiff, Timothy Phifer, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Melissa Middleton
Melissa Middleton, Atty. No. 37165-49
144 N Delaware St
Indianapolis, IN 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email: mmiddleton@bdlegal.com

*Attorney for Plaintiff, Timothy Phifer*